**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

LORI W. WILL
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

April 4, 2025

Daniel Jaiyong An
27 Calle Orta 3D Apt.
Cond Los Nardos A
San Juan, Puerto Rico 00907

A. Thompson Bayliss, Esquire
Ben Lucy, Esquire
Abrams & Bayliss LLP
20 Montchanin Road, Suite 200
Wilmington, Delaware 19807

RE:     *Daniel Jaiyong An v. Archblock, Inc.*,
         C.A. No. 2024-0102-LWW

Dear Counsel and Mr. An:

I write regarding the petitioner's motion to compel discovery from the respondent (the "Motion").[1]  There are several incorrect citations to case law in the Motion.[2]  Some of the authorities do not stand for the cited propositions.  Others are quoted for statements they do not contain.

For example:

- The Motion cites *Terramar Retail Centers, LLC v. Marion #2-Seaport Trust U/A/D/ June 21, 2002* to explain that "[t]he Court has broad discretion in resolving discovery disputes and fashioning appropriate

---

[1] Pet.'s Mot. to Compel Discovery (Dkt. 25) ("Mot.").

[2] The defendants likewise observe that the Motion "fabricates authority that does not exist." *See* Defs.' Opp'n to Pet.'s Mot. to Compel (Dkt. 26) ¶ 43.

remedies."[3]  But *Terramar* addressed a motion to dismiss under Rule 12(b)(2).  It did not make the point that the petitioner offers it for—or even involve discovery.

- The Motion twice cites *Deutsch v. ZST Digital Networks, Inc.* for the idea that the Court of Chancery disfavors parties' attempts to impose unilateral discovery stays.[4]  It attributes the following quote to *Deutsch*: "A party cannot unilaterally decide to stay discovery."[5]  That quote is not in *Deutsch*, which addressed a receiver's request for an arrest warrant for contempt.  In fact, I am unable to find any case—in Delaware or elsewhere—with that quote.[6]

- The Motion cites *Production Resources Group, LLC v. NCT Group, Inc.* to support the argument that the Court of Chancery interprets Rule 26 "broadly to facilitate the free flow of information between parties."[7]  It attributes the following quote to the decision: "Delaware courts have traditionally construed the scope of permissible discovery liberally."[8]  That quote is not in *NCT Group*, or any other case I can find.[9]

---

[3] Mot. ¶ 12 (purportedly citing *Terramar Retail Ctrs., LLC v. Marion #2-Seaport Tr. U/A/D/ June 21, 2002*, 2017 WL 3575712 (Del. Ch. Aug. 18, 2017)).

[4] *Id.* ¶¶ 20, 29 (purportedly citing *Deutsch v. ZST Digit. Networks, Inc.*, 2018 WL 3005822, at *3 (Del. Ch. June 14, 2018)).

[5] *Id.* ¶ 29 (purportedly quoting *Deutsch*, 2018 WL 3005822, at *3).

[6] I searched Westlaw's "All State & Federal" database for this quote.  The only hit returned was the petitioner's own motion to compel.  Interestingly, though, when prompted to find a Delaware decision with this quote, ChatGPT directed me to the *Terramar* decision for a similar cite.

[7] Mot. ¶ 11 (purportedly citing *Prod. Res. Grp., LLC v. NCT Grp.*, 863 A.2d 772, 802 (Del. Ch. 2004)).

[8] *Id.* (purportedly quoting *NCT Grp.*, 863 A.2d at 802).

[9] As with *Deutsch*, I searched Westlaw's "All State & Federal" database for the quoted text.  The only hit was the motion at issue here.  *See supra* note 6.

Based on these miscites, I suspect that the petitioner used generative artificial intelligence ("GenAI") to prepare his Motion, and that the program may have "hallucinated."[10]

The use of GenAI in legal work is not inherently problematic. It can benefit litigants and courts alike. GenAI streamlines legal research, assists in drafting documents, and supports efficient document review and summarization.[11] By enhancing the accessibility of legal services, GenAI can lower barriers to justice.

Still, GenAI carries significant risks to the legal system if it is used carelessly. The Motion exemplifies the potential downsides. Specifically, the petitioner failed to ensure the accuracy of material prepared with GenAI and submitted to the court. "Quite obviously, many harms flow from such deception—including wasting the opposing party's time and money, the Court's time and resources, and reputational harm to the legal system (to name a few)."[12]

---

[10] "AI hallucination is a phenomenon wherein a large language model (LLM)—often a generative AI chatbot or computer vision tool—perceives patterns or objects that are nonexistent or imperceptible to human observers, creating outputs that are nonsensical or altogether inaccurate." *Harris as Next Friend of RNH v. Adams*, --- F. Supp. 3d. ---, 2024 WL 4843837, at *1 n.3 (D. Mass. Nov. 20, 2024) (quoting *What are Hallucinations?*, IBM, https://www.imb.com/topics/ai-hallucinations).

[11] *See, e.g.*, *Berger v. Graf Acquisition, LLC*, 2024 WL 4541011, at *2 (Del. Ch. Oct. 21, 2024) (discussing the efficiencies of technology-assisted document review).

[12] *Morgan v. Cmty. Against Violence*, 2023 WL 6976510, at *8 (D.N.M. Oct. 23, 2023); *see also Park v. Kim*, 91 F.4th 610, 615 (2d Cir. 2004) (recognizing that relying on "non-existent precedent generated by" AI is "an abuse of the adversary system" (citation

The petitioner's submission of a filing with fictitious citations is sanctionable.[13] "[I]t is improper and unacceptable for litigants—including pro se litigants—to submit 'non-existent judicial opinions with fake quotes and citations.'"[14] At the same time, "Delaware judges traditionally (and naturally) treat self-represented individuals with some degree of latitude" so long as the party's pro se status does not "impose[] on the party opponent in a material way."[15]

Mindful of these interests, I would have been inclined to deny the Motion without prejudice if the petitioner had been forthright. In his reply, however, the petitioner doubled down. He insists that though "some of the quoted language [in his cites] was paraphrased rather than verbatim, the principles from the cited cases

---

omitted)); *Mata v. Avianca, Inc.*, 678 F.Supp.3d 443, 448-49 (S.D.N.Y. 2023) (discussing "harms flow[ing] from the submission of fake opinions").

[13] *Anon. v. New York City Dep't of Educ.*, 2024 WL 3460049, at *7 (S.D.N.Y. July 18, 2024) ("Sanctions may be imposed for submitting false and nonexistent legal authority to the Court." (citations omitted)).

[14] *Id.* (quoting *Mata*, 678 F. Supp. 3d at 448); *Morgan*, 2023 WL 6976510, at *7 ("Although courts 'make some allowances for the *pro se* [p]laintiff's failure to cite to proper legal authority,' courts do not make allowances for a [party] who cites to fake, nonexistent, misleading authorities." (quoting *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013))).

[15] *Govette v. Elec. Referral Manager, Inc.*, 2021 WL 2311956, at *2 (Del. Ch. June 7, 2021).

are directly relevant and on point."[16] That is untrue, as I explained above.[17] The Motion is therefore denied with prejudice.

The petitioner should consider himself warned.[18] Although I am not sanctioning the petitioner today, he must ensure that every future filing satisfies his obligations to this court, including that the filing is truthful, accurate, and cites to legitimate authorities.[19] Any future filing must also include the certification required by the order accompanying this letter opinion, which addresses the use of GenAI.[20] The petitioner's failure to comply with these requirements may result in sanctions, including monetary penalties, stricken filings, or the dismissal of this suit.

---

[16] Pet.'s Reply in Supp. of Mot. to Compel Discovery (Dkt. 27) ¶ 27.

[17] *See supra* notes 3-9 and accompanying text (discussing cited cases).

[18] *Cf. Anon.*, 2024 WL 3460049, at *7 (declining to sanction a pro se litigant for citing fake authorities but warning that "the Court will not look kindly on similar infractions in the future"); *Transamerica Life Ins. Co. v. Williams*, 2024 WL 4108005, at *2 n.3 (D. Ariz. Sept. 6, 2024) (reminding a pro se litigant that she must comply with procedural rules and that "future filings with citations to nonexistent cases may result in sanctions such as dismissal of her claims"); *Dukuray v. Experian Info. Sols.*, 2024 WL 3812259, at *11 (S.D.N.Y. July 26, 2024) (acknowledging the possibility that a pro se plaintiff was "not aware of the risk that ChatGPT and similar AI programs are capable of generating fake case citations" but "warning" the plaintiff that "further filings with citations to nonexistence cases may result in sanctions").

[19] He must also abide by his meet and confer obligation before filing a discovery motion and understand that this court is inclined to enter a confidentiality order in advance of any discovery.

[20] *See* Order Requiring Certification on Use Of Generative AI (Dkt. 39). This order is based upon a thoughtful precedent authored by Judge Brennan in the Superior Court. *See Lillard v. Offit Kurman, P.A.*, 2025 WL 800833 (Del. Super. Mar. 12, 2025) (ORDER).

**III.   CONCLUSION**

The petitioner's Motion is denied.  Similar misconduct by the petitioner in the future will yield sanctions.  Any future filing must include the requisite certification on GenAI usage, as set out in the order accompanying this letter opinion.

Sincerely yours,

*/s/ Lori W. Will*

Lori W. Will
Vice Chancellor